UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ROQUE PASTORIUS,

      Plaintiff,

v.

MURPHY RIGGING & ERECTING, INC.,
a Minnesota corporation,

      Defendant.

Case No. 09-CV-0361 (PJS/JJG)

ORDER GRANTING MOTION FOR
PARTIAL DISMISSAL

---

Jessica M. White, JW LEGAL SERVICES, for plaintiff.

Brian T. Benkstein, FELHABER, LARSON, FENLON & VOGT, P.A., for defendant.

Plaintiff Roque Pastorius brings claims of employment discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. This matter is before the Court on the Fed. R. Civ. P. 12(b)(6) motion of defendant Murphy Rigging & Erecting, Inc. ("Murphy") for dismissal of Pastorius's claims to the extent that those claims are based on the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008).[1] For the reasons stated below, the motion is granted.

The ADAAA became effective on January 1, 2009. ADAAA § 8, 122 Stat. at 3559. There is no dispute that the alleged discrimination in this case took place before the ADAAA's effective date. Am. Compl. ¶ 23 (alleging that Pastorius was terminated on or around May 30, 2007). So far as the Court and counsel have been able to determine, all of the federal courts that

---

[1]The parties previously stipulated to the dismissal of Pastorius's claims under the Minnesota Human Rights Act. *See* Docket Nos. 10, 11. Murphy has not moved for dismissal of Pastorius's claims under the pre-amendment ADA.

-1-

have addressed this issue — including the Fifth, Sixth, Seventh, and D.C. Circuits — have held that the ADAAA does not apply to conduct that occurred before its effective date. *See, e.g., Lytes v. DC Water & Sewer Auth.*, No. 08-7002, 2009 WL 2152427, at *3-5 (D.C. Cir. July 21, 2009); *Milholland v. Sumner County Bd. of Educ.*, 569 F.3d 562, 565-67 (6th Cir. 2009); *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 469-70 n.8 (5th Cir. 2009); *Kiesewetter v. Caterpillar Inc.*, 295 Fed. App. 850, 851 (7th Cir. 2008). The Eleventh Circuit has also said, in clearly worded dicta, that the ADAAA does not apply retroactively. *See Fikes v. Wal-Mart, Inc.*, 322 Fed. Appx. 882, 883 n.1 (11th Cir. 2009) (per curiam).

In addition to the five circuit courts that have held (or opined) that the ADAAA is not retroactive, dozens of district courts, including a court in this District, have similarly held that the ADAAA applies only prospectively. *See, e.g., Nyrop v. Indep. Sch. Dist. No. 11*, No. 07-4663, 2009 WL 961372, at *3 n.2 (D. Minn. Apr. 7, 2009); *Billings v. Stonewall Jackson Hosp.*, No. 08-10, 2009 WL 2240374, at *6 (W.D. Va. Jul. 13, 2009); *Schroeder v. Suffolk County Cmty. Coll.*, No. 07-2060, 2009 WL 1748869, at *6 (E.D.N.Y. June 22, 2009); *Guary v. Upstate Nat'l Bank*, 618 F. Supp. 2d 272, 275 n.1 (W.D.N.Y. 2009); *Parker v. Midwest Air Traffic Control*, No. 08-218, 2009 WL 1357238, at *4 (W.D. Pa. May 12, 2009); *Kravar v. Triangle Servs., Inc.*, No. 06-7858, 2009 WL 805807, at *4 n.3 (S.D.N.Y. Mar. 27, 2009); *Neal v. Kraft Foods Global, Inc.*, No. 08-92, 2009 WL 799644, at *9-10 (D. Or. Mar. 23, 2009); *Moran v. Premier Educ. Group, LP*, 599 F. Supp. 2d 263, 271-72 (D. Conn. 2009).

In short, there is overwhelming authority for the proposition that the ADAAA should not be applied retroactively. And with good reason: As the D.C. Circuit explained,

> By delaying the effective date of the ADAA, the Congress clearly indicated the statute would apply only from January 1, 2009

> forward. If the Congress intended merely to "clarify" the ADA,
> then its decision to delay the effective date would make no sense;
> it would needlessly have left the ADA unclear for the more than
> three months between enactment of the ADAA on September 25,
> 2008 and its going into effect on January 1, 2009. Nothing on the
> face of the statute indicates the Congress intended this peculiar
> scenario. If, in contrast, the Congress intended the Amendments to
> have a purely prospective effect, then its decision to delay the
> effective date of the ADAA makes sense. Indeed, we can imagine
> no reason for the Congress to have delayed the effective date other
> than to give fair warning of the Amendments to affected parties
> and to protect settled expectations.

*Lytes*, 2009 WL 2152427, at *3.

The Court finds this reasoning persuasive. Accordingly, the Court joins every other court to have addressed the issue and holds that the ADAAA does not apply retroactively to acts that occurred before January 1, 2009. Murphy's motion for partial dismissal is granted.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant's partial motion to dismiss [Docket No. 3] is GRANTED.

2. To the extent plaintiff's claims are based on the ADA Amendments Act of 2008, those claims are DISMISSED WITH PREJUDICE AND ON THE MERITS.

Dated: August 12, 2009

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge